UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-07359-MCS-PD | Date September 16, 2024 |
| Title *Valencia v. Widrig* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) (JS-6)

On August 30, 2024, the Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over the state law claims presented in the complaint. (OSC, ECF No. 11.) The Court warned that failure to respond to the OSC "may, without further warning, result in the Court's dismissal of the entire action without prejudice, or the Court's declining to exercise supplemental jurisdiction." (*Id.* at 2.) Plaintiff did not submit a timely response.

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (reviewing courts' authority to dismiss for failure to prosecute). Dismissal is a "harsh penalty" that "should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Courts must consider five factors before dismissing a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Having considered these factors, dismissal for failure to prosecute and failure to comply with the Court's OSC is appropriate. The public's interest in expeditious resolution of litigation and the Court's interest in docket management both favor dismissal, as Plaintiff's inattentiveness to the OSC indicates a lack of diligence in prosecuting the case without delay. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The risk of prejudice to Defendant marginally favors dismissal because Defendant may be unfairly prejudiced by any further delays by Plaintiff. *See Yourish*, 191 F.3d at 991 (noting that risk of prejudice to defendant is related to plaintiff's reason for noncompliance with court order). Although the public policy favoring disposition on the merits always weighs in favor of dismissal, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks omitted). Finally, the Court warned Plaintiff that failure to respond to the OSC may result in dismissal, "satisfy[ing] the consideration of alternatives requirement." *Ferdik*, 963 F.2d at 1262; *accord Allen*, 460 F.3d at 1229.

The case is dismissed without prejudice. This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court directs the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

**IT IS SO ORDERED.**